# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| CONVERGENT OUTSOURCING ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Charles Wallace, by and through undersigned counsel, and for his complaint against the Defendant, Convergent Outsourcing, Inc, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III.   PARTIES

4. Charles Wallace ("Plaintiff") is a natural person who resides in Overland Park, KS.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Convergent Outsourcing, Inc., ("COI") is a business entity engaged in the collection of consumer debt within the State of Kansas.

7. COI is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) in that it is an entity of which its "principal purpose" is the collection of any debts.

### IV.　ALLEGATIONS

8. The debt allegedly owed by Plaintiff, namely a debt incurred through T-Mobile ("the Debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

9. On or about November 27, 2017, Plaintiff retained counsel to assist in the resolution of several debts, including the Debt.

10. On or about January 8, 2018 Plaintiff's counsel sent notice of representation to Plaintiff's creditors via certified mail, including to COI.

11. On or about January 16, 2018, COI received Plaintiff's notice of representation.

12. On or about May 3, 2018, COI contacted plaintiff directly via letter.

13. Despite receiving notice that Plaintiff was represented by an attorney, COI has continued to contact Plaintiff directly.

14. These communications by COI violated 15 U.S.C. § 1692c(a)(1), in that COI contacted a consumer after receiving notice that the consumer was represented by an attorney.

## V.  JURY DEMAND

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Charles Wallace, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from COI and for Plaintiff;

b.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from COI and for Plaintiff;

c.  Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from COI and for Plaintiff;

d.  Any other relief deemed appropriate by this Honorable Court.

Date: October 2, 2018

Respectfully submitted,

**CREDIT LAW CENTER**

**By: /s/ Anthony Hernandez**
Anthony Hernandez #69129
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:  816-246-7800
Facsimile:   855-523-6884
anthonyh@creditlawcenter.com
**Attorney for Plaintiff**